IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
AUG - 9 2005
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| MELODY N. CUSHINGBERRY, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:04-CV-2301-M |
| v. § | |
| § | |
| AIRTRAN AIRWAYS, INC., § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

On this date came on for consideration the Defendant's Motion for Summary Judgment, filed on June 24, 2005. The Plaintiff filed no response to the Motion for Summary Judgment. The fact that the Plaintiff did not respond does not mean that summary judgment should be granted. The Defendant is not automatically entitled to summary judgment merely because there is no opposition. *Hibernia Nat'l Bank v. Administration Central Sociedad Anonima*, 776 F.3d 1277, 1279 (5th Cir. 1985). If the Defendant failed to discharge its initial burden, Plaintiff would have no obligation to respond. However, if the Defendant meets its burden under FED. R. CIV. P. 56, Plaintiff cannot survive the Defendant's motion merely by resting on allegations in its pleadings. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926, 102 L. Ed. 2d 329, 109 S. Ct. 310 (1988). The court may accept as undisputed the facts described in support of the Defendant's motion. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Summary judgment is appropriate when the non-movant Plaintiff fails to set forth specific facts, by affidavits or otherwise, showing there is a genuine issue of material fact for trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir.), *cert. denied*, 506 U.S. 825, 121 L.

Ed. 2d 46, 113 S. Ct. 82 (1992); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (once the summary judgment movant meets the burden imposed by Rule 56, the non-movant cannot rely on pleadings, but must designate specific facts showing there is a genuine issue for trial). The Court has reviewed the Defendant's brief and supporting evidentiary materials to determine whether summary judgment in its favor is proper.

Plaintiff's causes of action, as stated in her Amended Complaint, are for sexual harassment and retaliation.

On April 8, 2005, Defendant served the Plaintiff with a set of Requests for Admission. The Plaintiff did not respond, so each matter for which an admission was sought is deemed admitted. By not responding to the requests, Plaintiff is deemed to have admitted each matter. *See generally Carney v. Internal Revenue Service*, 258 F.3d 415 (5th Cir. 2001). Since Plaintiff is deemed to have admitted in response to Requests for Admission 14, 16, and 17 that her sexual harassment claims and retaliation claims are without merit and that she has no evidence to support her claims that she was terminated for poor job performance and attendance violations, there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law.

With respect to the retaliation claim, there is an additional reason for the Court to grant summary judgment for the Defendant. Defendant has presented unrebutted evidence, in the form of affidavits and the deemed admission in Request Number 14, that the Plaintiff was discharged for poor job performance and for violations of Defendant's attendance policies, thus establishing that the Plaintiff was terminated for legitimate non-discriminatory reasons.

The undisputed evidence establishes that the Defendant is entitled to summary judgment.

**SIGNED** this _9_ day of _August_, 2005.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE